IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  3:23CR00067 DPM |
| | ) | |
| JEREMY BARNETT | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Comes now the United States of America by and through its attorney Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas and Stephanie Mazzanti, Assistant United States Attorney for said district, and for its Sentencing Memorandum, states:

Defendant Jeremy Barnett objects to the enhancement as a repeat and dangerous sex offender applied under U.S.S.G. § 4B1.5(b)(1) and denies engaging in repeated sexual conduct against minors. The plea agreement provides that "nothing in this plea agreement shall prevent the application of U.S.S.G. § 4B1.5 (Repeat and Dangerous Sex Offender Against Minors), if that section is found to apply in this case." (R. Doc. 44, p. 5).

The undisputed and stipulated facts are that while awaiting trial on his federal charges in this case, law enforcement obtained recorded jail calls and messages between Barnett and his girlfriend where they discuss allegations of Barnett taking unauthorized photographs of her minor daughter, Barnett having a sexual relationship with Minor 2, and videos of Barnett engaged in sex acts with Minor Victim (M.V.)., another minor. Law enforcement interviewed Barnett's girlfriend who confirmed she had Barnett's iPhone and passcode, and the iPhone had photographs of her minor daughter taken without her daughter's knowledge along with videos of Barnett and a minor (M.V.) engaging in various sex acts, including the minor performing oral sex on Barnett in a

1

vehicle and the minor and Barnett engaging in sexual intercourse in a hotel room. Barnett's girlfriend had previously contacted M.V. because M.V. made a Facebook post about Barnett being a pedophile.

Law enforcement obtained a search warrant for Barnett's iPhone and recovered 14 videos of Barnett and M.V. engaging in sexually explicit conduct, including oral sex and sexual intercourse, including multiple videos created on July 4, 2022, in a residence, with location information for the video reflecting 20 N. Gosnell Street; a video created in a vehicle on August 31, 2022, with location information in Blytheville, Arkansas,; a video created in a vehicle on September 20, 2022, with location information in Gosnell, Arkansas; multiple videos created in a vehicle November 15, 2022, with location information in Gosnell, Arkansas; and multiple videos, which appear to be recorded in a motel room, created November 26, 2022, with location information near motels in Blytheville, Arkansas. The videos indicate that Barnett was filming the sexually explicit conduct. Law enforcement identified the minor in the videos and confirmed that she was 15 years old when the July 4, 2022, videos were created and 16 years old when the additional videos were created. The defendant admitted that he intentionally created the videos where he was engaging in sexually explicit conduct with a minor. At the time of these events, Barnett was over 32 years old.

U.S.S.G. § 4B1.5(b)(1) provides, in pertinent part, "In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (1) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct: (1) The offense level shall be 5 plus the offense level determined under Chapters Two and Three." Application Note 4 states, in pertinent part, "For purposes of subsection (b),

"***prohibited sexual conduct***" means any of the following: . . . (ii) the production of child pornography;" and "For purposes of subsection (b), the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." U.S.S.G. § 4B1.5, cmt. 4. "An occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion." *Id*.

Here, it is undisputed that Barnett created multiple videos depicting child pornography on separate dates. The enhancement properly applies. *See, e.g.*, *United States v. Red Elk*, 132 F.4th 1100, 1107 (8th Cir. 2025) (affirming application of enhancement under U.S.S.G. § 4B1.5); *United States v. Winnick*, 954 F.3d 1103, 1106 (8th Cir. 2020) ("the enhancement applies under the facts of this case because Winnick created child pornography on multiple, separate occasions"); *United States v. Bevins*, 848 F.3d 835, 839 (8th Cir. 2017) ("The PSR noted 'Bevins created at least two videos depicting child pornography on separate dates' and admitted to engaging in prohibited sexual conduct on multiple occasions. This conduct is sufficient to make Bevins a repeat and dangerous sex offender triggering § 4B1.5(b)(1).").

    Respectfully Submitted,

    JONATHAN D. ROSS
    United States Attorney

    STEPHANIE MAZZANTI
    AR Bar Number 2006298
    Assistant U.S. Attorney
    425 W. Capitol Ave, Suite 500
    Little Rock, AR   72201
    Telephone:   501-340-2600
    E-mail: Stephanie.Mazzanti@usdoj.gov