UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF |
| | ) | |
| v. | ) | No. 3:23CR00067-01 DPM |
| | ) | |
| | ) | |
| JEREMY BARNETT | ) | DEFENDANT |

### DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE

Comes now the defendant, Jeremy Barnett, by and through appointed counsel, Kristen C. Green, respectfully submits the following information to the Court for its consideration before the imposition of sentence in this case. Mr. Barnett requests the recommended guideline range of punishment be rejected, and the Court grant the defendant's motion for a downward variance.

I. **BACKGROUND AND HISTORY**

On October 5, 2023, Jeremy Barnett was charged in a three-count indictment with being a felon in possession of a firearm, possession of methamphetamine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. The charges resulted from a multi-agency investigation that involved surveillance at Mr. Barnett's residence. Drugs and firearms were found during the search of the residence conducted on May 9, 2022[1]. While Mr. Barnett was detained in the county jail on the

---

[1] Mr. Barnett was convicted in Mississippi County Circuit Court to 60 months' imprisonment suspended for possession of ecstasy with purpose to and 36 months' imprisonment suspended for being a felon in possession of a firearm for the same incident.

pending charges, agents reviewed messages between Mr. Barnett and his then-girlfriend. Following a conversation with the girlfriend, agents obtained a search warrant for Mr. Barnett's phone. The phone contained video of Mr. Barnett engaged in sexual intercourse with a minor. Mr. Barnett waived indictment and plead guilty to a two-count superseding information on March 6, 2025, that charged him with being a felon in possession of a firearm and production of child pornography.

## II.    HISTORY AND CHARACTERISTICS

Mr. Barnett had a childhood marked with abuse and neglect. His formative years were shaped by the instability of his parents who could not provide a stable, suitable living environment for him. His father was not around, choosing to shirk his responsibilities as a parent, leaving him with a mother who lacked the basic tools to adequately parent. He was passed around to multiple family members who provided only some reprieve from his mother's drug addiction and physical abuse, as some of them were also physically abusive. His mother would hit him all over his body with switches, belts and extension cords and his aunt would use anything she could get her hand on to strike him. The situation became so dire that his brother ran away from home at the age of nine. This instability and neglect fostered an environment that allowed for Mr. Barnett to be sexually abused by a friend of a family member every other day over a two-week period. While trying to navigate through a world where he had no clear guiding light, Mr. Barnett stumbled.

At the age of eighteen, Mr. Barnett received his first conviction for criminal trespass. His girlfriend's mother did not approve of their interracial relationship and called the police when she found him in their home. They continued to date for years and now

share two children. He moved away from his hometown in his early twenties. When he returned he started hanging with old friends, which led to trouble. Eight years passed between his first conviction and next three convictions, which were all misdemeanor offenses. Approximately a year later, he was convicted of a felony offense involving an altercation with a girlfriend. After witnessing his mother in an abusive relationship, he unfortunately found himself in the same position as he had seen her abuser. He does not have any other convictions, or even arrests, for the same type of conduct. His other felony conviction was for the same conduct that led to the indictment in the instant case.

### III.   18 U.S.C. § 3553 FACTORS

Based on the prevailing authority and facts stipulated to in the plea agreement, the defense withdraws its objection to the chapter four enhancement. Thus, the defense agrees that the correct offense level, presuming the third point is award for acceptance of responsibility, is 39 and Mr. Barnett's criminal history category is III. Based on the offense level and criminal history category, the advisory guideline range is 324 to 405 months. Mr. Barnett is asking that the court vary downward from the guidelines and sentence him to the mandatory minimum of count II, 15 years' imprisonment to be run concurrently to any sentence given on count I.

Mr. Barnett faces a statutory range of not more than 10 years on count I and 15 to 30 years on count II, thus, the court must sentence him to no less than 15 years. The low end of the advisory guideline range is 27 years, nearly double the statutory minimum, and the high end is more than 33 years, which is above the statutory maximum. While Mr. Barnett's actions are inexcusable and imprisonment is unavoidable, the advisory guideline

range is greater than necessary to achieve the purpose of the 3553(a) factors. The nature and circumstances of the offense call for a 15-year mandatory sentence. A 15-year sentence is a significant sentence for any person, especially considering most of that time must be served in custody. Such a sentence is especially significant for a defendant like Mr. Barnett who has never served any time in prison. Mr. Barnett is currently 35 years old, and by the time he is eligible to be released, he will be nearing his fifth decade of life. His youngest child, who at two years old has not yet started school, will likely be in high school before he is released. While Mr. Barnett has taken responsibility for his conduct, it is important to not that he has no other arrests or convictions for this type of conduct.

 Mr. Barnett understands that his conviction will require a prison sentence. He believes any calculation made using the sentencing guidelines would be excessive. The mere fact that a lengthy prison sentence will be given will serve as an adequate deterrence to any further criminal conduct for Mr. Barnett specifically and others generally. Additionally, Mr. Barnett will have to register as a sex offender. This will assist law enforcement and protect the public by requiring him to report the location of his residence, occupation, or schooling. Mr. Barnett will be limited in where he can live, where he can work, and even in what public spaces he can intentionally occupy. Such severe consequences followed by a 15-year sentence are sufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

 Although he suffered many traumas throughout his childhood, Mr. Barnett has received very little treatment relative to his experiences. Mr. Barnett has been in custody for this offense since November 29, 2023, and has not had the opportunity to receive any

rehabilitative services. While in custody, he can receive much needed mental health treatment to learn to deal with past trauma. He can also participate in vocational programs that will assist in his reintegration into society upon his release. As mentioned earlier, this is not a process that Mr. Barnett has gone through before. So, there is no indication that a 15-year sentence would not be long enough to achieve those goals.

## IV.    CONCLUSION

When considering the factors set out by 18 U.S.C. § 3553, as discussed above, Mr. Barnett is requesting the court to sentene him to no more than 15 years' imprisonment followed 5 years of supervised release.  Said sentence is sufficient but not greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553.

Respectfully Submitted,

LISA G. PETERS
FEDERAL DEFENDER

By:   Kristen C. Green
      Bar Number 2013-051
      Assistant Federal Defender
      The Victory Building, Suite 490
      1401 West Capitol Avenue
      Little Rock, AR 72201
      (501) 324-6113
      Email: kristen_green@fd.org

For:  Jeremy Barnett, Defendant